# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUDE E. BURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-383-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Claude E. Burt (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 31, 1961 and was 47 years old at the time of the ALJ's decision. Claimant completed his education through the twelfth grade with difficulties in reading and writing. Claimant has worked in the past as a welder and general petroleum laborer. Claimant originally alleged an inability to work beginning June 30, 2001 due to limitations resulting from

3

depression, severe mood disorder, and schizophrenia. He also asserted that he suffered from seizures, vision problems, back pain, sleep problems, difficulties in reading and writing, and problems stemming from the use of certain medications.

## Procedural History

On June 23, 2006, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. The ALJ entered an unfavorable decision on June 10, 2009. The decision was appealed to this Court resulting in a reversal and remand on March 30, 2011.

On August 6, 2009, Claimant filed a subsequent application for supplemental security income. The Social Security Administration determined Claimant became disabled on August 6, 2009. The Appeals Council took no action on this finding. After a supplemental administrative hearing, Administrative Law Judge Osly F. Deramus ("ALJ") issued an unfavorable decision on November 9, 2011, limiting his decision to the period from June 23, 2006 to August 6, 2009, in light of the agency's favorable decision in awarding benefits subsequent to this latter date. The Appeals Council denied review on August 6, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of

further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform medium work with limitations during the limited time period under review.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in relying on vocational testimony that significantly varied from the Dictionary of Occupational Titles ("DOT") and his related step five findings were not based upon substantial evidence.

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of seizure disorder, schizoaffective disorder, and sciatica in the back. (Tr. 334). The ALJ concluded that Claimant retained the RFC to perform medium work. In so doing, the ALJ found Claimant could frequently lift/carry and push/pull 25 pounds and occasionally 50 pounds; could stand/walk for six hours in an eight hour workday; could sit up to six hours in an eight hour workday; could occasionally stoop, crouch, crawl, kneel, and balance; and could occasionally climb stairs and ladders. Claimant should avoid operating motor vehicles due to seizures and should

avoid heights and dangerous moving machinery as a precaution due to seizures. The ALJ found Claimant had psychological limitations as he was able to understand, remember, and carry out simple but not detailed tasks that did not require intense concentration. Claimant could work under routine supervision and was able to complete a normal workday and work week and could adapt to a work setting. He could not relate effectively to the general public, but could relate superficially to co-workers and supervisors for work purposes. (Tr. 339). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative job of dishwasher, which he found to exist in sufficient numbers both regionally and nationally. (Tr. 345). As a result, the ALJ found Claimant was not disabled since June 23, 2006. (Tr. 346).

Claimant contends the ALJ erred by relying upon the testimony of the vocational expert which varied without explanation from the *DOT*. The ALJ posed the hypothetical question to the vocational expert as follows:

> ALJ: 44 years of age with a marginal education and the past relevant work experience that you just described. Assume the person can perform no greater than medium work as defined in the regulation and can occasionally stoop, crouch, crawl, kneel, balance, occasionally climb stairs and ladders, and is unable to operate motor vehicles due to seizures or should avoid that due

6

> to seizure precaution, should avoid heights and dangerous moving machinery also for seizure precaution.
>
> And the person has some limitations due to psychologically-based factors but is able to understand, remember and carry out simple but not detailed tasks that do not require intense concentration, can work under routine supervision, is able to complete a normal workday and workweek from - and can adapt to the work setting, is unable or cannot relate effectively to the general public, can relate superficially to coworkers and supervisors for work purposes.

(Tr. 369-70).

In response, the vocational expert testified Claimant could not perform his past work but could perform the job of dishwasher, medium physical demand, SVP of 2, unskilled, classification code 318.687-010. The job was available in sufficient numbers nationally and in Oklahoma. (Tr. 370).

In a second hypothetical, the ALJ included a limitation in climbing ladders. The vocational expert testified that this additional restriction did not change his opinion on Claimant's ability to perform the identified job. Id.

In a third hypothetical question, the ALJ added a restriction to the prior questioning that Claimant be able to take breaks at will. The vocational expert testified that no jobs would exist in the national or regional economies under these restrictions. The

7

ALJ then asked the vocational expert if the jobs cited by the expert were consistent with the description in the *DOT* to which the vocational expert testified "[y]es, sir, they are." (Tr. 371).

Defendant appears to argue that once the ALJ asks the vocational expert if his testimony conflicts with the *DOT*, his obligation is concluded. An ALJ's responsibility to investigate any discrepancies between the vocational expert's testimony and the *DOT* remains. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999). Should the ALJ choose to rely upon the vocational expert's testimony without further investigation or inquiry, he does so at his peril.

In this case, the dishwasher or kitchen helper job identified by the vocational expert requires frequent stooping and crouching. *DOT*, 318.687-010. The ALJ's RFC for Claimant as well as the hypothetical questioning of the vocational expert specifically limited Claimant to occasional stooping and crouching. (Tr. 339, 369-70).

Additionally, the job identified by the vocational expert requires a Reasoning Level of 2, which is defined as being able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized

8

situations." *DOT*, 318.687-010. In the ALJ's RFC findings, he determined Claimant "was able to understand, remember, and carry out simple but not detailed tasks that did not require intense concentration." (Tr. 370). Again, this finding appears to be in direct conflict with the *DOT*. On remand, the ALJ shall resolve these conflicts and elicit further testimony from the vocational expert in doing so.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 5th day of November, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE